# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

SHANE BRASHER,               )

      Plaintiff,         )

VS.                         )      No. 19-1279-JDT-cgc

TRACEY WHITE, ET AL.,      )

      Defendants.     )

---

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

On November 25, 2019, Plaintiff Shane Brasher, who is incarcerated at the Hardin County Correctional Facility (HCCF) in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as HCCF Administrator Tracey White, former HCCF Administrator Derek Cortez, Hardin County Sheriff Johnny Alexander, and the HCCF.

Brasher alleges that when he entered the HCCF in April 2019, three other inmates "hollered at me, and I was lured in the cell, and I was beat." (ECF No. 1 at PageID 2.) As Brasher was "bleeding everywhere," unnamed corrections officers put him in a six-foot by six-foot segregation cell, "as if I was punished," where he remained for two days, allegedly

without medical attention.  (*Id.*)  Brasher eventually was taken to a hospital, where he was diagnosed with a broken nose and other injuries.  (*Id.*)  Two detectives later asked Brasher "to give them Any Info I Could that would help them" and gave him "a Five thousand dollar Bond (Signature Bond) So I could get out."  (*Id.* at PageID 3.)  Two weeks later, Brasher was returned to the HCCF and again placed in segregation for two days.  (*Id.*)  He alleges that he was being punished for not giving the detectives any information "to help them solve any cases."  (*Id.*)

Brasher also alleges that the prosecutor in his state-court criminal case misprinted dates on his arrest papers, improperly charged him with new crimes, and caused a delay in his prosecution.  (*Id.*)  A detective "signed off on" the papers, but those signatures and the dates on his papers allegedly differ from the information on the papers Brasher's attorney has.  (*Id.*)

Brasher alleges that he has a seizure disorder and, because of that condition, should have been housed in an "Open Pod" and given a bottom bunk.  (*Id.* at Page ID 2, 3.)  He allegedly requested medication for his seizures but did not receive the medication for thirty-two days.  (*Id.* at PageID 3.)  In the interim, he suffered multiple seizures, but "nothing was done."  (*Id.*)  He alleges that his grievances about being denied an open pod and lower bunk were ignored.  (*Id.* at PageID 4.)

Brasher further alleges that he has written several requests for law books but has never received any.  (*Id.* at PageID 3.)  He also alleges that he has access to only one secure phone line, which is provided to sixteen inmates.  (*Id.* at PageID 4.)  He alleges that even that phone now does not work, so he has "no communication with the outside."  (*Id.*)

Brasher seeks dismissal of his new criminal charges, payment of his hospital bills, compensatory damages, and immediate release from custody. (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at

383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants,

however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F.

App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for

failure to comply with "unique pleading requirements" and stating "a court cannot 'create

a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l

Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Brasher filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of

rights secured by the "Constitution and laws" of the United States (2) committed by a

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150

(1970).

To the extent Brasher seeks to sue the Defendants in their official capacities, the

Court construes his allegations as claims against the HCCF and, in turn, as claims against

Hardin County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002)

(citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Hardin County may be

held liable *only* if Brasher's injuries were sustained pursuant to an unconstitutional custom

or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate

municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Brasher does not allege that a Hardin County policy is responsible for any of the concerns he has raised about his confinement. He therefore does not state a claim against Hardin County or against any Defendant in his or her official capacity.

Brasher does not allege any actions by Defendants White, Cortez, or Alexander. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nor may Brasher hold White, Cortez, or Alexander responsible as supervisors at the HCCF. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held

liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Brasher does not allege that either White, Cortez, or Alexander was personally responsible for any of the alleged conditions; he therefore does not plead a basis for holding them liable in this action.

Brasher also asks this Court to intervene in his criminal proceeding and order the charges dismissed. The Court cannot do so. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Brasher does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

To the extent Brasher seeks to challenge the fact or duration of his confinement, this lawsuit under § 1983 is not the appropriate avenue. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Any claims challenging the fact of his confinement, and not the conditions of the confinement, belong in a petition filed under 28 U.S.C. § 2254.

Brasher also fails to state a claim about his unanswered grievances. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.* Nor does Brasher have any constitutional right to a particular housing assignment. *See Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008).

Brasher alleges that he was denied medical treatment after the beating, medication for his seizures, law books, and a working telephone. These allegations could amount to a violation of Brasher's constitutional rights. As currently pleaded, however, Brasher's allegations are insufficient to state a claim. He does not allege who is responsible for denying him these things. He alleges only that "they" put him in the segregation cell, "they" refused to take him for medical treatment, "nothing was done" about his seizure medication, and that his written requests to unspecified persons have gone unanswered. Those general allegations, without the identification of a responsible party, are insufficient

to state a claim against any individual. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

For these reasons, Brasher's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Brasher should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Brasher's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Brasher is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one (21) days after the date of this order, **on or before January 28, 2020.**

Brasher is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Brasher fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE