UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHANE BRASHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19-1279-SHM-cgc |
| ) | |
| TRACEY WHITE, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER MODIFYING THE DOCKET;
DISMISSING AMENDED COMPLAINT (ECF NO. 8) WITH PREJUDICE;
DENYING LEAVE TO AMEND;
DISMISSING CASE;
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE UNDER
28 U.S.C. § 1915(g);
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On November 25, 2019, Plaintiff Shane Brasher filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)[1] On December 23, 2019, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 6.) On January 7, 2020, the Court dismissed the complaint for failure to state a claim to relief and granted leave to amend. (ECF No. 7 (the "Screening Order").) On January 16, 2020, Brasher filed an amended complaint, which is before the Court for consideration.

---

[1] When Brasher filed the complaint, he was confined at the Hardin County Correctional Facility (the "HCCF") in Savannah, Tennessee. (ECF No. 1 at PageID 2.) On April 2, 2020, Brasher notified the Court that he had been released from the HCCF on March 25, 2020, and was residing at a private residence in Savannah, Tennessee. (ECF No. 9.) On April 22, 2020, Brasher filed a non-prisoner application to proceed without prepayment of fees (ECF No. 11), which the Court granted on April 23, 2020. (ECF No. 12.)

The amended complaint arises from events alleged in Brasher's initial pleading: (1) three HCCF inmates' assault of Brasher on April 3, 2019 (the "Incident") and (2) various misconduct by HCCF personnel toward Brasher in September 2019. (ECF No. 8.) The amended complaint asserts claims for: (1) failure to protect; (2) unconstitutional punishment; (3) inadequate medical care; (4) inadequate prison grievance process; (5) denial of prison employment; (6) retaliation; (7) false disciplinary charges; and (8) deprivation of law books. (*Id*. at PageID 28-33.) The amended complaint sues: (1) Tracey White; (2) Johnny Alexander; (3) Derek Cortez; and (4) Corrections Officer Jordan. (*Id*. at PageID 28.) Brasher seeks (1) release from confinement or transfer to another facility (*id*. at PageID 29-32); (2) compensation for Incident-related hospital bills (*id*. at PageID 29); and (3) pain and suffering damages (*id*.).

The Clerk shall modify the docket to add HCCF Corrections Officer Jordan as a Defendant.[2]

For the reasons explained below, the amended complaint (ECF No. 8) is DISMISSED WITH PREJUDICE in its entirety, and this case is DISMISSED.

I. **ANALYSIS**[3]

   A. **Claim Against Jordan For Failure To Protect**

Brasher was booked at the HCCF on April 3, 2019, and placed in pod 184 by Corrections Officer Jordan, who "did not check any of the doors [to pod 184] to see if secure. Two doors on top tier in middle were left open." (ECF No. 8 at PageID 28.) Brasher alleges that HCCF officers

---

[2] Jordan is the newly-added Defendant's first name. (*See* ECF No. 8 at PageID 28 (Brasher is "unsure [of] [Jordan's] last name").)

[3] The legal standard for screening prisoner claims under the PLRA, and the requirements to state a claim under § 1983, are set forth in the Screening Order and need not be restated here. (*See* ECF No. 7 at PageID 21-22.)

are "supposed to inquire that all doors was [sic] secure" pursuant to orders of Sheriff Alexander. (*Id*.) The Court liberally construes these allegations as a claim against Jordan for failure to protect.

To the extent the amended complaint asserts a failure-to-protect claim against Jordan in his official capacity, Brasher fails to state a claim to relief. Brasher does not allege that a Hardin County policy is responsible for any concerns Brasher raises about his confinement at the HCCF. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also* ECF No. 7 at PageID 22-23 (citing cases). Brasher does not state a failure-to-protect claim against Jordan in his official capacity.

To the extent the amended complaint asserts a failure-to-protect claim against Jordan in his individual capacity, the amended complaint also fails to state a claim to relief. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of ... inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Because the Due Process Clause of the Fourteenth Amendment protects pretrial detainees[4] "from violence at the hands of other prisoners" in much the same way that the Eighth Amendment protects convicted inmates, *see Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016), the Sixth Circuit has instructed courts to analyze a pretrial detainee's failure-to-protect claim using the framework set forth in *Farmer*, 511 U.S. 825. *Richko*, 819 F.3d at 915 (citing *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016)).

Under *Farmer*, an inmate's claim for failing to protect him from violence by other inmates has an objective and a subjective component. *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (citing *Farmer*, 511 U.S. at 833); *accord Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 829, 834, 847). For the objective prong, a plaintiff must

---

[4] Brasher was a pretrial detainee at the time of the Incident. (*See* ECF No. 8 at PageID 28.)

3

demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm." *Bishop*, 636 F.3d at 766 (quoting *Farmer*, 511 U.S. at 833). For the subjective prong, a plaintiff must show that a prison official "kn[ew] of and disregard[ed]" that risk. *Farmer*, 511 U.S. at 837). *See also Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (a plaintiff seeking to assert an Eighth Amendment claim for a failure to protect the plaintiff from other inmates "must show that the prison officials acted with 'deliberate indifference' to a substantial risk [of] serious harm").

Brasher's amended complaint fails to satisfy either of the Eighth Amendment's prongs. The amended complaint alleges only that "the hole" cell at the HCCF is "small[,] maybe 8 x 10 feet cell." (ECF No. 8 at PageID 28.) That lone allegation fails to establish a "sufficiently serious" condition. The amended complaint fails to establish the Eighth Amendment's subjective component. Brasher does not allege any facts showing Jordan's (1) subjective knowledge of a substantial risk that the Incident's three inmate-assailants would assault Brasher or (2) disregard of that risk. Jordan's failure to check the hole's doors, *see* ECF No. 8 at PageID 28, does not, without more, establish a sufficiently culpable state of mind. For these reasons, the amended complaint fails to state a failure-to-protect claim against Jordan in his individual capacity.

The amended complaint's failure-to-protect claim against Jordan in his official and individual capacities is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### B. Claim Against Cortez For Unconstitutional Punishment

Brasher alleges that Cortez "punished" Brasher by placing him in the 8 x 10 feet "[ ]hole" for six days without medical attention after the Incident. (ECF No. 8 at PageID 28-29.) Brasher alleges that Cortez "punished" him for failing to provide information to Detective Parish and Detective Felders "on certain cases they had." (*Id*. at PageID 28.) Brasher alleges that the hole "is usually w[h]ere one is placed for punishment." (*Id*. at PageID 28-29.) Brasher acknowledges that he was taken to an outside hospital for medical care the day after the Incident. (*Id*. at PageID

4

28.) The amended complaint does not allege that Brasher suffered any worsening of Incident-related injuries during Brasher's time in the hole on his return from the hospital. Brasher instead alleges that he had "no communication with c[orrections] o[fficers] or the outside." (*Id*. at PageID 29.)

The Court liberally construes these allegations as a claim against Cortez for the unconstitutional punishment of Brasher.

The Fourteenth Amendment's Due Process Clause protects pretrial detainees from "punish[ment] prior to an adjudication of guilt." *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). When courts evaluate the constitutionality of pretrial conditions of confinement that are alleged to deprive a detainee of liberty without due process, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell*, 441 U.S. at 535. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Conversely, if a restriction or condition is not reasonably related to a legitimate goal -- if it is arbitrary or purposeless -- a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id*. at 539. *Accord Martucci v. Johnson*, 944 F.2d 291, 294 (6th Cir. 1991).

To establish unconstitutional punishment, a pretrial detainee must show either (1) "an expressed intent to punish on the part of the detention facility officials," or (2) that "a restriction or condition is not rationally related to a legitimate government objective or is excessive in relation to that purpose." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 717 (6th Cir. 2020) (citing *Bell*, 441 U.S. at 535 and *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Brasher does not do so.

The amended complaint alleges an isolated experience of short-term confinement to a cell that Brasher subjectively found distasteful for its supposed association with "punishment." (ECF No. 8 at PageID 28-29.) Brasher does not allege that he was denied food, water, or clothing. The

5

amended complaint describes a six-day temporary deprivation of Brasher's communication with HCCF officers and the "outside." (*Id*.) The amended complaint alleges facts from which a legitimate penological reason is plausibly inferred. Before the Incident, Brasher had been booked on criminal charges and brought to the HCCF. Shortly after Brasher's booking, three other inmates assaulted Brasher. (*Id*. at PageID 28.) The amended complaint does not allege that any other inmates were confined in the hole with Brasher. (*See id*. at PageID 28-29.) Brasher's confinement in the hole served the legitimate penological purposes of detaining him after his booking while safely separating him from the Incident's assailants. For these reasons, the amended complaint fails to state an unconstitutional punishment claim against Cortez in his individual capacity.[5]

The amended complaint's unconstitutional punishment claim against Cortez in his official and individual capacities is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

C. **Claim Against White For Inadequate Medical Care**

Brasher alleges that he suffered "multiple seizures" at the HCCF in September 2019. (ECF No. 8 at PageID 29.) Brasher wrote "a grievance and sick calls" to White, "and for thirty-two days nothing was done." (*Id*. ("never once received any medical attention nor any diarrhea pills for my seizures").) White did not respond to Brasher's grievance or sick calls. (*Id*.)

The Court reviews claims about the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105. To

---

[5] The amended complaint fails to allege an official capacity claim against Cortez for the reasons explained *supra* as to Jordan, *i.e.*: Brasher does not allege that a Hardin County policy is responsible for the conduct alleged in the amended complaint.

state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Eighth Amendment claims have both objective and subjective components. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of a medical care claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). The subjective component requires that jail officials acted with the requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show officials' "deliberate indifference" to a substantial risk of serious harm). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards it. *Id.* at 837. Brasher does not satisfy either prong of the Eighth Amendment.

Seizures can constitute a serious medical need for purposes of Eighth Amendment analysis, but Brasher does not allege facts demonstrating with particularity his diagnosis, date of onset, or symptom severity. For example, Brasher does not allege when he was diagnosed with a seizure condition, his past or current medical treatment for seizures, or who prescribed such treatment.

Even accepting as true for screening purposes Brasher's allegation about his seizure experience, the amended complaint does not demonstrate the Eighth Amendment's subjective

prong as to White. Brasher wrote "a grievance and sick calls" to White, but the amended complaint does not describe the content of Brasher's submissions. (*See* ECF No. 8 at PageID 29.) Without that information, there is no plausible basis in the record from which to infer that White subjectively knew of Brasher's seizure problem. If Brasher's sick calls were for "diarrhea" pills, *see id.*, there is no reasonable basis for White to subjectively know that Brasher had a seizure disorder. Given the amended complaint's lack of specific allegations about what White knew about Brasher's seizures, there is nothing in the record from which the Court may plausibly infer White's "deliberate indifference" to a substantial risk of serious harm to Brasher from seizures. *See Wilson*, 501 U.S. at 302-03. The amended complaint does not satisfy the Eighth Amendment's subjective prong.

For these reasons, the amended complaint's inadequate medical care claim against White in her official[6] and individual capacities is DISMISSED WITH PREJUDICE for failure to state a claim to relief.[7]

### D. Claim For Inadequate Prison Grievance Process

To the extent the amended complaint asserts a claim for inadequate grievance process at the HCCF, Brasher's allegation is not well taken. (*See* ECF No. 8 at PageID 30-31 (alleging that White failed to respond to Brasher's medical care grievance and "law books" grievance).)

As the Screening Order explained, "[t]here is no inherent constitutional right to an effective prison grievance procedure." (ECF No. 7 at PageID 25 (internal citation omitted).) Brasher does not cite any intervening change in constitutional law, after entry of the Screening Order, about

---

[6] As to Brasher's official capacity claim against White for inadequate medical care, the amended complaint does not state a claim to relief. *See* footnote 4, *supra*.

[7] To the extent Brasher alleges that White's "refus[al] [of] my daily medication" is part of Brasher's inadequate medical care claim, *see* ECF No. 8 at PageID 30 & 31, Brasher's Eighth Amendment claim fails. The amended complaint's vaguely-referenced "daily medication" affords no basis on which to determine that the medicine treats a condition considered sufficiently serious under the Eighth Amendment.

8

prisoners' grievance process rights.  The amended complaint alleges no new or different facts that alter the Screening Order's conclusion about Brasher's claim for inadequate prison grievance process.

For these reasons, the amended complaint's claim for inadequate prison grievance process is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### E.  Claim For Denial Of Prison Employment And "Certain Privileges"

The amended complaint alleges that White denied "trusted jobs" to Brasher that would have "reduce[d] [Brasher's] time" in confinement.  (ECF No. 8 at PageID 30 & 31 (also alleging denial of "certain privileges").)  That allegation fails to state a claim to relief.

Brasher has no Fourteenth Amendment property or liberty interest in prison employment while confined.  *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).  The deprivation of a prison job or the ability to participate in rehabilitative programs does not violate the Constitution.  *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003).  "[N]o prisoner has a constitutional right to a particular job or to any job."  *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).  Brasher's vague claim of deprivation of "certain privileges," *see* ECF No. 8 at PageID 30, does not allege any facts that alter the Court's determination that Brasher has no cognizable claim about a job at HCCF or other "privileges" during confinement.

For these reasons, the amended complaint's claim for Brasher's deprivation of a job at the HCCF is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### F.  Claim For Retaliation

Brasher alleges that he has been denied "medications," "2 for 1 trusted time," and "certain privileges" in retaliation for filing this lawsuit.  (ECF No. 8 at PageID 30.)  The amended complaint does not identify the putatively denied medication, does not explain the nature of "2 for 1 trusted

9

time", does not identify the "certain privileges" denied to Brasher, and does not identify which Defendant denied them.

A claim of retaliation has three elements: (1) a plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2) -- that is, the adverse action was motivated at least in part by a plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "Protected conduct, for the purposes of a First Amendment retaliation claim, encompasses a prisoner's efforts to access the courts in ... civil rights claims." *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). "[P]risoners are expected to endure more than the average citizen," and so not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities. *See White v. Stephens*, No. 13-2173, 2015 WL 6038014, at *6 (W.D. Tenn. Aug. 28, 2015). Conduct that "would not deter a person of 'ordinary firmness' from pursuing constitutional grievances," *see id.*, does not rise to the level of unconstitutional retaliation.

Brasher's filing this lawsuit is protected conduct, but the amended complaint alleges no facts demonstrating: (1) that denials of (a) unspecified "medication," (b) "trusted time," or (c) "certain privileges" were adverse action for purposes of First Amendment retaliation; or (2) that deprivation of items (a) – (c) would have deterred a person of ordinary firmness from initiating this litigation. The amended complaint does not identify the "medication" or the condition(s) it would have treated. Without that information, there is no basis in the record on which to determine that lack of the "medication" was sufficiently adverse for purposes of retaliation analysis. The amended complaint alleges no facts from which to plausibly infer that loss of the vaguely-labeled "trusted time" would have deterred an ordinarily resolute person from suing or continuing to sue

10

Defendants in this case. Brasher's labeling of putative losses as "privileges" does not, without more, constitute a deprivation of constitutional magnitude.

For these reasons, the amended complaint's retaliation claim is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### G. Claim For False Disciplinary Charges

Brasher alleges that White "has c[orrections] o[fficers] accusing me of false charges" because Brasher submitted grievances against officers who work under White's supervision. (ECF No. 8 at PageID 30-32.) Brasher's allegation fails to state a claim to relief.

A prisoner does not have a due process right to be free of false disciplinary charges. *See Upshaw v. Jones*, No. 14-2534-JDT-TMP, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (citing *Person v. Campbell*, 182 F.3d 918, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) (unpublished)).

The amended complaint's claim for false disciplinary charges is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### H. Claim Against White For Deprivation Of Law Books

Brasher alleges that White ignored forms that Brasher submitted "to receive law books for my case." (ECF No. 8 at PageID 32.) The Court liberally construes this allegation as a claim for denial of access to the courts.

Prisoners retain a constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821-22 (1977) (citing *Ex Parte Hull*, 312 U.S. 546 (1941)), which "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, 175 F.3d at 391. Prison authorities must "provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. To have standing to pursue a First Amendment claim for denial of access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' *i.e.*, that the conduct hindered his efforts to pursue a

nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted); *see Thaddeus-X*, 175 F.3d at 394.

Brasher does not allege that he was unable to pursue a nonfrivolous legal claim because of White's denial of "law books" to Brasher. The amended complaint neither identifies the claims for which Brasher putatively needed law books nor demonstrates that these claims are nonfrivolous. The Screening Order's dismissal of the complaint for failure to state a claim to relief, and the instant Order's similar determination about the amended complaint, refute argument by Brasher that his § 1983 claims have merit. The amended complaint fails to state a First Amendment claim against White for denial of access to the courts.

The amended complaint's claim against White for deprivation of law books is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

## I. Claim For Release Or Sentence Modification

The amended complaint seeks Brasher's transfer to a different facility (ECF No. 8 at PageID 30), Brasher's release from confinement (*id*. at PageID 29), or modification of Brasher's sentence (*id*. at PageID 30-32). None of this requested relief is available to Brasher.

(1) As explained in the Screening Order, claims challenging the fact or duration of Brasher's confinement are properly raised in a petition filed under 28 U.S.C. § 2254, and not in a lawsuit filed under § 1983. (*See* ECF No. 7 at PageID 25 (internal citations omitted).[8]

(2) A prisoner's claims for injunctive relief are moot when the prisoner is transferred from the facility about which the prisoner complains. *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003); *Mason v. Davis*, No. 2:19-cv-4502, 2020 WL 1695185, at *3-4 (S.D. Ohio Apr. 7, 2020) ("[A]n inmate's transfer or release ends the alleged violations of his or her constitutional

---

[8] A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

rights, which 'render[s] the court unable to grant the requested relief'") (citation omitted). Brasher's March 25, 2020 release from the HCCF, *see* ECF No. 9, mooted Brasher's claims under § 1983 for injunctive relief.

For these reasons, the amended complaint's claims for Brasher's transfer, release, or sentence modification are DISMISSED WITH PREJUDICE.

## II. AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend the amended complaint (ECF No. 8). *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has afforded Brasher leave to amend his claims in this case. (*See* ECF No. 7.) It would be futile to give Brasher another opportunity to amend.

## III. APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Brasher would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma*

*pauperis.*" Fed. R. App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons the Court dismisses Brasher's amended complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Brasher would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Brasher appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## IV.    NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Brasher's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## V.    CONCLUSION

For the reasons explained above:

(1) The amended complaint (ECF No. 8) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2). The amended complaint's requests for appointment of counsel[9] are DISMISSED as moot;

(2) Leave to amend is DENIED;

(3) The Court recommends that the dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 2021 WL 1727619, at *1;

(4) This case is DISMISSED in its entirety;

(5) The Court CERTIFIES that an appeal would not be taken in good faith; and

(6) The Court DENIES leave for Brasher to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED, this 28th day of February, 2022.

    /S/ Samuel H. Mays, JR.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[9] *See* ECF No. 8 at PageID 30 (alleging that Brasher is "not fully understanding documents"), at PageID 31 (asking for legal guidance about "what I should do to proceed with this lawsuit"), at PageID 32 ("requesting to speak to someone in person about my suit due to lack of understanding") & at PageID 33 (seeking legal guidance "if these claims doesn't [sic] specify what's needed").